**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MELVIN JACKSON,
            *Plaintiff-Appellant,*

v.

WAL-MART STORES, INCORPORATED,
            *Defendant-Appellee,*

and

MUTUAL OF OMAHA INSURANCE
COMPANY,
            *Defendant.*

No. 01-1232

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CA-99-4069)

Submitted: September 13, 2001

Decided: December 4, 2001

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William T. Toal, JOHNSON, TOAL & BATTISTE, P.A., Columbia, South Carolina, for Appellant. Michael S. Cessna, WAL-MART IN-HOUSE LITIGATION TEAM, Bentonville, Arkansas, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

***

**OPINION**

PER CURIAM:

Melvin Jackson appeals the district court's orders granting summary judgment in favor of Wal-Mart Stores, Inc., and denying his motion to alter or amend judgment. Jackson sued Wal-Mart under the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to 41-10-110 (Law. Co-Op. Supp. 2000), alleging that Wal-Mart made excessive deductions from his wages for insurance premiums.* Wal-Mart removed the action based on federal question jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2001). The district court denied Jackson's motion to remand, granted Wal-Mart's motion for summary judgment, and denied Jackson's motion to alter or amend the judgment. Jackson timely appealed. Finding no error, we affirm.

ERISA supersedes any and all state laws insofar as they relate to any employee benefit plan covered by ERISA. 29 U.S.C.A. § 1144(a). A state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *See Griggs v. E.I. Dupont De Nemours & Co.*, 237 F.3d 371, 377 (4th Cir. 2001) (finding a state law of general application, with only an indirect effect on a pension plan, may relate to that plan for preemption purposes). ERISA's preemption provisions are broadly construed. *See FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990).

The district court observed that Jackson's action was tantamount to an action seeking return of contributions made under the terms of the plan and for restitution of any overpayments under 29 U.S.C.A. § 1132(a)(3)(B). Because Jackson's claim entails an inquiry into the

*Jackson also sued Mutual of Omaha, which was subsequently dismissed via consent order.

terms and administration of the employee benefits plan to determine whether Wal-Mart deducted unauthorized amounts from Jackson's wages, Jackson's claim relates to the employee benefit plan. Therefore, we find that the district court correctly found that ERISA preempted the application of the South Carolina Payment of Wages Act.

We review the district court's award of summary judgment de novo. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

Jackson claims that the plan administrator directed excessive deductions from his wages for insurance premiums. Wal-Mart supported its motion for summary judgment with documentation evidencing that an erroneous social security number provided by Jackson when he transferred to a new store caused Wal-Mart to miscalculate Jackson's payroll deducted insurance premiums. After Jackson terminated his coverage, the plan administrator conducted an audit that reconciled the amount of premiums owed and appropriate deductions. Jackson failed to produce countervailing evidence to support his conclusory assertions that the reconciliation was incorrect, thus failing to stave off Wal-Mart's properly supported motion for summary judgment. Consequently, we find that the district court did not err in granting summary judgment in favor of Wal-mart and in denying Jackson's motion to alter or amend the judgment.

We affirm the district court's order granting Wal-Mart's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*